# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES SHOULTZ,**
          **Plaintiff,**

**-vs-**                              **Case No. 6:08-cv-1564-Orl-18DAB**

**PETROLEUM TECHNICIANS, INC.,**
          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 12)**
>
> **FILED:** **January 23, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

Following entry of a Clerk's default against Defendant, Plaintiff files the instant motion, seeking an award of damages, attorney's fees and costs in this unpaid overtime claim brought under the Fair Labor Standards Act ("FLSA"). For the reasons set forth herein, it is **respectfully recommended** that the motion be granted, in part, and judgment be entered in the amount of $4,950.00 for the claim ($2,475.00 in unpaid overtime compensation and a like amount in liquidated damages) and an attorney's fee award of $900.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th

Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, the Complaint asserts that Plaintiff was employed as an hourly paid employee by the corporate Defendant; Defendant was an enterprise covered by FLSA and Plaintiff was engaged in interstate commerce as defined in FLSA; and that Defendants willfully violated the overtime compensation requirements of FLSA as Plaintiff regularly worked overtime hours but was not paid time and one half compensation (Doc. No. 1). By virtue of the default, these well-pled allegations are deemed admitted.

The employee bringing suit for unpaid or overtime wages under the FLSA has the burden of proving that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946). The employer is liable for compensating an employee for all hours that the employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. §203(g). If the employer violates either the minimum wage or overtime provisions of the FLSA, the employer is liable for the unpaid amounts, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

Here, Plaintiff offers his uncontroverted Affidavit that shows that he was employed by Defendant as a heavy equipment operator from approximately January 13, 2008 until April 2008 (15 weeks), working five days per week for about 50 hours per week (Doc. No. 12-2). His regular rate of pay was $11.00 per hour and overtime rate was $16.50 per hour. As these averments are uncontradicted, the Court finds that Plaintiff has met his burden of establishing entitlement to actual

damages of $2,475.00, and a like amount in liquidated damages, for a total of $4,950.00 ($11 per hour multiplied by time and a half, equals $16.50 per overtime hour, multiplied by ten (10) overtime hours worked per week equals $165.00 in unpaid overtime per week, multiplied by 15 weeks in which Plaintiff was employed by Defendant).

As for attorney's fees, Plaintiff seeks $1,833.50 and an additional $410.00 in costs. The Court cannot recommend such an amount. In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). Such fees and costs, however, are bound by the requirement that they be reasonable. Plaintiff's counsel states in her papers that the firm expended 5.7 hours of attorney time[1] and 1.3 hours of paralegal time on this matter. The individual entries, as reflected in the time sheets provided by counsel, include work not properly chargeable to one's adversary (fees relating to the motion to extend time, which was based on counsel's difficulties communicating with her own client), and work that is, at best, clerical in nature (*e.g.,* contacting the process server to pick up the summons, "efiled response"). It is simply not appropriate to charge professional rates at a minimum six minute interval for such tasks as leaving a phone message or making a calendar entry. All in all, the professional services required to meet with a client and bring a case such as this to a default judgment

---

[1] In supplemental filing, this amount is increased to 6.0 hours of claimed time for Ms. Amritt (Doc. No. 18).

do not support counsel's request. After making deductions for these unreasonable charges, the Court finds $900.00 to be a reasonable attorney's fee for a case that proceeded to default judgment. As for costs, such are recoverable upon appropriate application to the Clerk following entry of judgment.

It is therefore **respectfully recommended** that the motion be **granted, in part** and that default judgment be entered in the amount of $4,950.00 for the claim ($2,475.00 in unpaid overtime compensation and a like amount in liquidated damages), and an attorney's fee award of $900.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy